IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *JILLIAN MARIAH OLIVIA STACEY,* | ) |
| Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *AT&T INC.* and | ) |
| *FRANKLIN COLLECTION SERVICE, INC.* | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Jillian Mariah Olivia Stacey, by her counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1) The federal Fair Debt Collection Practices Act prohibits a creditor's debt collector to communicate with a consumer after the debt collector becomes aware that the consumer is represented by counsel. The Illinois Consumer Fraud and Deceptive Business Practices Act and its progeny prohibit a creditor to evade the FDCPA by simply switching debt collectors after its debt collector becomes aware that the consumer is represented by counsel. In the case at bar, Defendant AT&T Inc. evaded the FDCPA by contracting a new debt collector, Defendant Franklin Collection Service, Inc., after an earlier debt collector became aware that Ms. Jillian Mariah Olivia Stacey was represented by counsel.

2) The FDCPA also prohibits a debt collector to make misleading representations. In the instant case, Defendant Franklin Collection Service, Inc. made misleading representations to Ms. Jillian Stacey.

3) Thus, Defendant AT&T violated the Illinois Act by evading the FDCPA, while Defendant Franklin Collection Service directly violated the FDCPA.

**Jurisdiction and Venue.**

4) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over Count Two because that count arises under the laws of the United States. Pursuant to 28 U.S.C. § 1367(a), United States District Courts have supplemental jurisdiction over Count One because that count forms part of the same controversy. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events or omissions giving rise to this action occurred within the Eastern Division.

**Parties.**

5) Plaintiff Jillian Mariah Olivia Stacey is a "consumer" as that term is defined in the Fair Debt Collection Practices Act, at 15 U.S.C. § 1692a(3), and Ms. Jillian Mariah Olivia Stacey resides within the Eastern Division.

6) Defendant AT&T Inc. is a corporation, which is authorized to transact business in Illinois and which has real estate and employees in Illinois.

7) Defendant Franklin Collection Service, Inc. is a "debt collector" as that term is defined in the Fair Debt Collection Practices Act, at 15 U.S.C. § 1692a(6). Defendant Franklin Collection Service, Inc. is also a corporation authorized to transact business in Illinois.

**Factual Allegations.**

8) Like millions of other Americans, Ms. Jillian Stacey has incurred significant consumer debts and, during the pandemic, she has struggled to service all of her consumer debts and she eventually became delinquent with respect to some consumer debts, including a consumer debt for cellular service for a telephone phone with a 773 area code originally held by Defendant AT&T.

9) In 2020, Defendant AT&T contracted debt collector Sunrise Credit Services to collect on

Ms. Stacey's debt to AT&T.

10) In February 2021, on Defendant AT&T's behalf, Sunrise Credit placed telephone calls to Ms. Stacey's phone, which still has the same 773 area code.

11) In March 2021, Ms. Stacey's counsel contacted AT&T's debt collector Sunrise Credit, cited the FDCPA prohibition on debt collector contacts with consumers' who are represented by counsel, and advised that Ms. Stacey was represented by a counsel who is located in the Eastern Division.

12) Also in March 2021, Ms. Stacey, through her counsel, filed a complaint against AT&T's debt collector Sunrise Credit in the Eastern Division. *Stacey v. Sunrise*, 21 cv 1122 (N.Dist.Ill.). Ms. Stacey's complaint asserted only that AT&T's debt collector Sunrise Credit's telephone calls to Ms. Stacey violated the FDCPA. *Id.*, ECF 1, p. 3, ¶ 14. Ms. Stacey's complaint also asserted that a "a substantial part of the events or omissions giving rise to th[at] action occurred within the Eastern Division." *Id.*, pp. 1 – 2, ¶ 2. The parties would eventually settle that action. *Stacey v. Sunrise*, 21 cv 1122 (N.Dist.Ill.), ECF 5.

13) Upon information and belief, Defendant AT&T received its debt collector Sunrise Credit's file on Ms. Stacey; and that file stated that:

a) Ms. Stacey still uses a telephone number that has a 773 area code,
b) Ms. Stacey was represented by counsel from the Eastern Division, and
c) Ms. Stacey had asserted that Sunrise Credit's telephone calls occurred within the Eastern Division.

14) In April 2021, Defendant AT&T dismissed its debt collector Sunrise Credit and contracted a second debt collector, Defendant Franklin Collection Service, Inc., to communicate with Ms. Stacey.

15) Defendant AT&T recognized that its debt collector Defendant Franklin Collection Service's communications would be received by Ms. Stacey in the Eastern Division.

16) Upon information and belief, Defendant AT&T did not advise its second debt collector Defendant Franklin Collection that Ms. Stacey was represented by counsel.

17) Upon information and belief, Defendant AT&T contracted its second debt collector and did not advise that second debt collector that Ms. Stacey was represented by counsel, in order to evade the FDCPA prohibition that a debt collector not communicate with a consumer after the debt collector becomes aware that the consumer is represented by counsel.

18) In April 2021, Defendant Franklin Collection communicated directly with Ms. Stacey and referenced Defendant Franklin Collection's legal "remedies," referenced an attorney, and referenced legal "defenses," so as to convey the impression that Defendant Franklin Collection intended to file a cause of action against Ms. Stacey.

19) In fact, Defendant Franklin Collection never intended to file a cause of action against Ms. Stacey and could not legally do so.

20) Defendant Franklin Collection also placed telephone calls to Ms. Stacey, while she was in the Eastern Division.

21) Defendant AT&T's concealment that Ms. Stacey was represented by counsel and Defendant Franklin Collection's communications to Ms. Stacey caused an injury-in-fact to Ms. Stacey because the concealment and subsequent communications, *inter alia*, distressed Ms. Stacey and caused her to have difficulty sleeping.

**Causes of Action.**

Count One     815 ILCS 505/2     As to Defendant AT&T.

22) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692b(6), provides that, "after the debt collector knows the consumer is represented by an attorney," the debt collector shall "not communicate with any person other than that attorney." Further, the Illinois Consumer Fraud

and Deceptive Business Practices Act, at 815 ILCS 505/2, provides that "[u]nfair methods of competition and unfair [ ] practices" are unlawful. A creditor's "switching [of] debt collectors to undermine a consumer's right to force collectors to communicate solely with her attorney … is an end-run around the FDCPA's dictate that debt collectors communicate with the attorney after being retained by the consumer." *Duarte v. Convergent*, 17 C 6051 (N.Dist.Ill. 2018) (Chang, J.), ECF 53, p. 6. Further, a creditor's "serial hiring of collection agencies after a consumer has hired an attorney could qualify as an unfair practice under" the Illinois Act. *Id*.

23) Defendant AT&T violated 815 ILCS 505/2 by doing an end-run around the FDCPA by switching debt collectors to undermine Ms. Stacey's right to force debt collectors to communicate solely with her attorney.

<u>Count Two     15 U.S.C. § 1692e(5)     As to Defendant Franklin Collection.</u>

24) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, states that a "debt collector may not use any false, deceptive, or misleading representation or means." Subsection 1692e(5) specifically prohibits a debt collector to make a "threat to take any action that cannot legally be taken or that is not intended to be taken."

23) Defendant Franklin Collection violated Section 1692e(5) and Subsection 1692e(5) by implying that Defendant Franklin Collection was planning to file a complaint against Ms. Stacey when the Defendant could not legally do so and did not intend to do so.

**Prayer for Relief.**

WHEREFORE, Plaintiff Jillian Mariah Olivia Stacey prays that this Court holds a trial by jury and enters judgment in her favor (and against Defendants AT&T and Franklin Collection) for her actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a).

                Respectfully submitted,
                Plaintiff's, Jillian Mariah Olivia Stacey's, Counsel
                North & Sedgwick, L.L.C.
by:    */s/ Paúl Camarena*
                Paúl Camarena, Esq.
                500 So. Clinton, No. 132
                Chicago, IL 60607
                paulcamarena@paulcamarena.com
                (312) 493-7494